In re APPLICATION OF CONTI-
NENTAL OIL CO.

No. 32226. March 4, 1947.

*178 P. 2d 880.*

Richardson, Shartel, Cochran & Pruet, by Earl Pruet, all of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., by Floyd Green, of Oklahoma City, Designated Representative, for the State and another.

Robinson, Shipp & Robertson, by T. Murray Robinson and Wallace E. Robertson, all of Oklahoma City, for Davon Oil Company.

BAYLESS, J. The facts and law involved in this appeal are closely related to those involved in the Matter of the Establishment of Spacing or Drilling Units in the Lovell-Crescent Field, Logan County, Oklahoma, 198 Okla. 284, 178 P 2d 876, this day decided. The Continental Oil Company is the applicant and Davon Oil Company is the protestant in this appeal, the reverse of their positions in case No. 32210.

On September 30, 1944, the Continental Oil Company filed an application to modify the extension order entered by the Corporation Commission in July, 1943, referred to in our opinion in the companion case as the first extension order, by removing from the operation of said order the south two and one-half miles covered thereby. A hearing was had on this application in October, 1944. Evidence was presented by applicant and protestant and the commission took the matter under advisement, withholding its decision until April, 1945, which was subsequent to the entering of the order appealed from in the companion case. The evidence presented in the instant case, although much shorter, developed the same facts as were presented to the commission in the companion case. The application is based upon the theory that the Layton sand production in the Crescent field is a

separate common source of supply from that of the Lovell field; that the commission entered the first extension order under a mistake as to the true facts and that it should therefore modify said order. The commission found:

". . . that the area covered by said orders Nos. 14134 (original well spacing order) and 16499 (first extension order) is underlaid by one common source of supply, and that therefore this application should be denied, since to grant said application would in no wise protect correlative rights and would cause waste in said pool." (Parentheses ours.)

Based upon this finding the application was denied.

Applicants present two questions in their brief: First, that the order should be modified in order to prevent the commission of waste; and second, that the original well-spacing order and the extension order are void by reason of having combined more than one common source of supply for the purpose of well spacing. The second contention was disposed of in the companion case.

An expert witness testified on behalf of applicant that in his opinion one well would not adequately drain a 40-acre tract in the Crescent area. Based upon present information he recommended two wells per 40-acre tract.

52 O.S. 1941 §111 provides:

"No collateral attack shall be allowed upon orders, rules and regulations of the commission made hereunder, but the sole method of reviewing such orders . . . shall be by appeal . . . to the Supreme Court. . . ."

52 O.S. 1941 §112:

"Any person affected by any legislative or administrative order of the commission shall have the right at any time to apply to the commission to repeal, amend, modify, or supplement the same. . . ."

The latter section authorizes an appeal to the Supreme Court from an order granting or denying the application.

The commission's finding that the Crescent field and the Layton field were producing from the same common source of supply in the Layton sands was decisive and the question of waste in the area covered by the extension order was thereby eliminated. If applicants had made a showing that the operation of the well-spacing plan over the entire area resulted in waste, the commission could have modified its orders to protect the correlative rights and obligations of the producers and royalty owners' interests in the common source of supply, but the commission did not have authority to single out a portion of the area covered by the spacing orders and give the property owners of that tract an advantage over the rest of the property owners. 52 O.S. 1941 §87(d) provides that the commission shall have the power to enlarge and extend the boundaries of a common source of supply when oil development, or the trend of such development, shall indicate that an additional area should be included therein,

". . . and, thereupon, the commission, by proper order, *shall require the same spacing and drilling units to the additional portion of the common source of supply.*" (Emphasis ours.)

We construe this statute and the other provisions of the Well-Spacing Act to mean that all property owners and lessees whose property is in the same common source of supply, as determined by order of the commission, shall be treated alike and that one group shall not be given an advantage over another.

The order appealed from is affirmed.